**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Jamar Alonzo QUARLES,**
**Defendant–Appellant.**

**No. 15–1161.**

United States Court of Appeals,
Sixth Circuit.

March 21, 2016.

Sean M. Lewis, Assistant U.S. Attorney, Office of The U.S. Attorney, Grand Rapids, MI, for Plaintiff–Appellee.

Paul L. Nelson, Assistant Federal Public Defender, David L. Kaczor, Federal Public Defender's Office, Grand Rapids, MI, for Defendant–Appellant.

BEFORE: BOGGS, SILER, and BATCHELDER, Circuit Judges.

PER CURIAM.

Jamar Alonzo Quarles, a federal prisoner, appeals a sentence of 204 months of imprisonment imposed following the entry of his guilty plea to a charge of being a felon in possession of a firearm.

Quarles raises two issues on appeal: 1) whether he qualifies as an armed career criminal within the meaning of the Armed Career Criminal Act, and 2) whether his criminal-history score was correctly calculated with respect to two prior misdemeanors that the district court assigned three

criminal-history points pursuant to USSG § 4A1.1(a).

The district court determined that Quarles was an armed career criminal under 18 U.S.C. § 924(e) based in part on a prior Michigan conviction for third-degree home invasion, *see* Mich. Comp. Laws § 750.110a(4)(a), which the district court found was a violent felony under what is known as the residual clause of 18 U.S.C. § 924(e). *See* 18 U.S.C. § 924(e)(2)(B)(ii) (defining "violent felony" as a crime that "involves conduct that presents a serious potential risk of physical injury to another"). The Supreme Court recently held that the residual clause is unconstitutionally vague. *Johnson v. United States,* —— U.S. ——, 135 S.Ct. 2551, 2563, 192 L.Ed.2d 569 (2015). However, the government argues that the crime of Quarles's prior conviction is a "generic" form of burglary and that we may thus affirm the district court's determination that Quarles is an armed career criminal. *See Descamps v. United States,* —— U.S. ——, 133 S.Ct. 2276, 2281–86, 186 L.Ed.2d 438 (2013) (delineating the contours of "generic" burglary and clarifying the application of the "formal categorical" and "modified categorical" approaches). Upon consideration, we conclude that this issue is best determined in the first instance by the sentencing court.

We do not reach Quarles's argument regarding the district court's calculation of his criminal-history score because resolution of that issue will become necessary only if the court determines that Quarles is not an armed career criminal. If Quarles is determined to be an armed career criminal, his criminal-history score will be VI irrespective of whether the district court correctly awarded three points for the two prior misdemeanors at issue. Accordingly, the district court's judgment is **VACATED** and this matter is **REMANDED** to the district court for resentencing.